UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. LORD,

    Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE CO.,

    Defendant.
_____/

Civil Action No.
10-cv-14393

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER
### (1) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE (Dkt. No. 10), and (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 9)

This case involves Michael J. Lord's ("Plaintiff") claims against Liberty Mutual Insurance Company ("Defendant") for no-fault insurance benefits. The case was removed from Lenawee County Circuit Court on November 2, 2010, on the basis of diversity jurisdiction. (Dkt. No. 1.) Defendant filed a Motion for Summary Judgment on September 1, 2011. (Dkt. No. 9.) Plaintiff filed a Motion to Strike Defendant's summary judgment motion on September 4, 2011. (Dkt. No. 10.) Defendant responded to Plaintiff's Motion to Strike on September 16, 2011. (Dkt. No. 13.) Plaintiff responded to Defendant's Motion for Summary Judgment on October 6, 2011. (Dkt. No. 14.) Defendant filed a Reply to its Motion for Summary Judgment on October 27, 2011. (Dkt. No. 15.) The Court held a hearing on January 12, 2012.

For the reasons stated below, the Court will DENY as moot Plaintiff's Motion to Strike and GRANT Defendant's Motion for Summary Judgment.

1

## I. BACKGROUND

Plaintiff was involved in a single car accident on February 29, 2008, when he lost control of his vehicle due to ice and hit a tree. It is undisputed that Plaintiff suffered several serious injuries, including a severe right ankle fracture and a moderately severe traumatic brain injury. It is also undisputed that Defendant paid for Plaintiff's subsequent hospitalization and treatment, including Plaintiff's wage loss and attendant care performed by Plaintiff's wife, Connie Lord. Defendant has not cutoff benefit payments to Plaintiff.

Plaintiff argues that his wife should be paid for 24-hour attendant care, rather than the lesser amounts of attendant care that have been prescribed by his doctors. Plaintiff also claims that Defendant should not deduct short-term and long-term disability payments from his wage loss benefit. Plaintiff further asserts that Defendant should pay for modifications to his bathroom that he believes are necessary. Defendant has agreed to pay for the bathroom modifications recommended by an occupational therapist, but Plaintiff has refused these modifications because he believes his bathroom is too small for them.

## II. LEGAL STANDARD

Defendant has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court construes all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The dispute over a material fact must be "'genuine,' that is, if the evidence is such that a reasonable juror could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

## III. ANALYSIS

### A. Plaintiff's Motion to Strike

Plaintiff has moved to strike Defendant's Motion for Summary Judgment because Defendant did not attach the exhibits it references when the Motion was initially filed. Plaintiff alternatively requests that he be allowed a full 21 days to respond to summary judgment beginning on the date Defendant files its exhibits.

Defendant filed the exhibits to its Motion for Summary Judgment on September 6, 2011. (Dkt. No. 11.) The Court's Notice of Hearing on Defendant's Motion for Summary Judgment, issued on September 12, 2011, required Plaintiff's Response by October 6, 2011, approximately 30 days after Defendant filed its exhibits. (Dkt. No. 12.) Plaintiff was thus allowed more than 21 days from the date Defendant filed its exhibits to respond to Defendant's Motion, and Plaintiff did file a Response by the deadline given in the Notice of Hearing. Accordingly, because Plaintiff has received the relief requested in his Motion, the Court will at this time deny Plaintiff's Motion to Strike as moot.

### B. Defendants' Motion for Summary Judgment

Plaintiff seeks damages for three specific no-fault benefits: (1) attendant care, (2) wage loss, and (3) home modifications.[1]

Under Michigan's no-fault automobile insurance law, insurers must "pay benefits for

---

[1] The parties agree that the applicable time frame for recovery of the benefits at issue begins on September 20, 2009, one year prior to the filing of the Complaint, pursuant to Michigan's one-year-back rule. *See* Mich. Comp. Laws § 500.3145(1) ("[A] claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.").

3

accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle . . . ." Mich. Comp. Laws § 500.3105(1). These benefits include "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." Mich. Comp. Laws § 500.3107(1)(a). The Michigan Supreme Court has held that an "allowable expense" must be "(1) reasonable, (2) reasonably necessary, and (3) incurred." *Burris v. Allstate Ins. Co.*, 480 Mich. 1081, 1087 (2008). "While the question whether expenses are reasonable and reasonably necessary is generally one of fact for the jury, . . . it may in some cases be possible for the court to decide the question of the reasonableness or necessity of particular expenses as a matter of law." *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 55 (1990).

An insurer "is entitled to require proof of loss accrued before paying personal protection insurance benefits under the no-fault act." *Butt v. Detroit Auto Inter-Insurance Exchange*, 129 Mich. App. 211, 219 (1983). An insurer is also "not obligated to pay any amount except upon submission of evidence that services were actually rendered and of the actual cost expended." *Moghis v. Citizens Ins. Co. of America*, 187 Mich. App. 245, 247 (1990).

*1. Attendant Care*

Plaintiff claims that he requires 24-hour attendant care based on the diagnosis of his physician, Dr. Jennifer Doble, that Plaintiff has depression and anxiety. However, Dr. Doble testified at her deposition that she never thought 24-hour care was medically necessary. (Def.'s Ex. 1, Doble Dep. 18.) Dr. Doble stated that she never prescribed more than 8 hours of attendant care for Plaintiff. (Doble Dep. 14.) In addition, Plaintiff's neuropsychologist, Dr. Ronald Baumanis, testified that he did not believe Plaintiff required 24-hour attendant care. (Def.'s Ex.

2, Baumanis Dep. 24.)

Plaintiff concedes that he has no medical documentation supporting his alleged need for 24-hour attendant care. Plaintiff thus "begs the [C]ourt's indulgences [sic] to allow him to have that diagnosis and recommendation for attendant care from the psychiatrist, who he expects to see in the short run . . . ." (Pl.'s Resp. 7.) The Court notes that Plaintiff's apparent request for further discovery does not invoke Federal Rule of Civil Procedure 56(f), nor does Plaintiff include an affidavit setting forth, *inter alia*, why the requested information has not been obtained earlier, as required by that Rule. *See generally Siggers v. Campbell*, 652 F.3d 681, 695-96 (6th Cir. 2011).

There is no evidence in the record, aside from Plaintiff's own allegations, that he is entitled to 24-hour attendant care. Plaintiff cannot "rest upon mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. Accordingly, the Court will grant Defendant's Motion as to Plaintiff's claims for 24-hour attendant care.

Plaintiff also argues that the hourly attendant care rate of $12 per hour that Defendant has paid Plaintiff's wife is too low, because Mrs. Lord is a Licensed Practical Nurse ("LPN") and is capable of providing skilled nursing care that can garner a higher hourly rate. But, like the assertion that he requires 24-hour care, Plaintiff has not buttressed this claim with any evidence that his prescribed attendant care requires any skilled nursing. Indeed, Dr. Doble testified that Plaintiff's prescribed attendant care was for assistance with hygiene, like bathing and dressing, as well as meal preparation, assistance with medication, and for safety during certain activities. (Doble Dep. 14-15.) This is not a level of care that requires or benefits from specialized training

5

as a nurse. *See Demery v. Auto Club Ins. Ass'n*, No. 297189, 2011 WL 3847586, *2 (Mich. Ct. App., Aug. 30, 2011) (unpublished) (holding that plaintiff's wife, who was a registered nurse, was not entitled to higher hourly rate for attendant care, because the care she was providing was "primarily for safety and supervision as well as self-care tasks . . . [which] is a level of care lower than that of an RN or LPN."). Plaintiff's claim for a higher hourly rate for his prescribed attendant care is therefore denied.

*2. Deductions From Wage Loss Benefits*

Plaintiff does not dispute that Defendant is allowed to deduct federal social security disability payments from his wage loss benefit payments. However, Plaintiff claims that Defendant cannot deduct long-term and short-term disability payments that have been issued by his former employer, Ford Motor Company. Plaintiff argues that he did not purchase a "coordinated policy" that allows for the deduction of such benefits.

Under Mich. Comp. Laws § 500.3109a, an insurer may offer "at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured." This type of coverage "encompasses . . . long-term disability benefits." *Rettig v. Hastings Mut. Ins. Co.*, 196 Mich. App. 329, 332-33 (1992). This is optional coverage that an insurer may offer, and that an insured may elect to accept in exchange for a reduced premium.

At the January 12, 2012 hearing on this matter, Defendant produced a copy of Plaintiff's insurance policy. The policy states that coordination of medical expenses and work loss apply to its coverages. In response, Plaintiff argues that the coordination of benefits language is insufficient because it does not state that it offers Plaintiff a reduced premium amount. However,

6

Plaintiff again offers no evidence beyond a mere allegation that he did not receive a discount for coordination of benefits. The Court will therefore grant Defendant's Motion for Summary Judgment as to Plaintiff's wage loss claim.

*3. Home Modifications*

Plaintiff admits that Defendant has offered to modify his bathroom in accordance with the recommendations in a September 20, 2010 Occupational Therapy Evaluation. (Def.'s Ex. 11, OT Report.) Specifically, the OT Report recommends installing grab bars adjacent to Plaintiff's commode to assist Plaintiff with his mobility limitations. (OT Report 4.)

Plaintiff has refused to allow these modifications, alleging that his bathroom is too small for them, and that he won't be able to fit on the commode if the grab bars are installed. Plaintiff alleges that Defendant must completely remodel his bathroom by making it larger. To support this assertion, Plaintiff merely notes that he is 6'4" and weighs 240 pounds, and attached to his Response a picture of himself in his bathroom. (Pl.'s Resp. Ex. 2, Picture.)

Plaintiff has not had an independent occupational therapy evaluation conducted or submitted to Defendant showing an alternative home modification plan. Accordingly, Plaintiff cannot show that he has incurred an allowable expense that Defendant has refused to pay. Plaintiff argues that Defendant has refused to provide him with a schematic drawing showing that the grab bars will not hinder his ability to use his bathroom. However, Michigan's no-fault law does not provide for schematic drawings, and Plaintiff has not cited any legal authority entitling him to such a benefit. The Court will thus dismiss Plaintiff's home modification claim.

**C. Motion to Amend**

At the hearing on this matter, Plaintiff's counsel argued that the Court should consider

7

Michigan's one-year-back rule, M.C.L. § 500.3145(1), in deciding on Defendant's motion. Plaintiff's counsel argued that, if the Court dismisses the case, Plaintiff will lose his right to reimbursement of any benefits he received more than a year ago.

To the extent Plaintiff's counsel's argument can be construed as a motion to amend, the Court finds that it is too late to begin adding new claims or theories of the case. Plaintiff's motion is thus denied. *See Desparois v. Perrysburg Exempted Village School Dist.*, No. 10-3158, 2012 WL 104532 (6th Cir. Jan. 13, 2012) (unpublished) (affirming District Court's denial of a request to amend that was first raised in the plaintiff's response to summary judgment, and noting that "[t]he bar against asserting new theories at the summary-judgment-response stage is well established.").

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **DENY AS MOOT** Plaintiff's Motion to Strike;

(2) **GRANT** Defendant's Motion for Summary Judgment; and

(3) **DISMISS** the action.

**SO ORDERED**.

Dated: 1-31-12
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE